John A. Conkle (SB# 117849)
  *j.conkle@conklelaw.com*
Amanda R. Washton (SB# 227541)
  *a.washton@conklelaw.com*
Desiree J. Ho (SB# 313250)
  *d.ho@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Attorneys for Defendant Flying Food
Group, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODAS, individually and on behalf of other persons similarly situated, | CASE No. |
| Plaintiff, | **DEFENDANT FLYING FOOD GROUP, LLC'S NOTICE OF REMOVAL** |
| v. | Los Angeles Superior Court, Case No: 18STCV06795 |
| Flying Food Group LLC, and DOES 1 through 10, | Action Filed:    November 30, 2018 Trial Date:       None |
| Defendant. | |

1020.034\9995

DEFENDANT FLYING FOOD GROUP. LLC'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Flying Food Group, LLC ("Defendant" or "FFG"), by and through its counsel, remove to this Court the action entitled *Maria Rodas v. Flying Food Group, LLC,* ("Action"), Case No. 18STCV06795, which was originally filed in the Superior Court of the State of California for the County of Los Angeles.

## I.     INTRODUCTION

Removal is proper because this putative class action meets the jurisdictional requirements under the Class Action Fairness Act of 2005 ("CAFA").  The Action involves an amount in controversy exceeding $5,000,000, asserts a putative class consisting of more than 100 members, and is between citizens of different states.

Defendant's filing of this Notice of Removal is in no way a concession or an assessment of its liability in this Action.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).  Defendant disputes its liability as to all claims in any amount raised by Plaintiff Maria Rodas ("Plaintiff") and/or any putative class member. Defendant further disputes that Plaintiff and/or any member of the putative class suffered any injury or incurred damages as a result of Defendant's acts.  Defendant further disputes that Plaintiff, any putative class member, or their attorneys are entitled to any relief, including but not limited to compensatory or consequential damages, civil penalties, punitive damages, attorney's fees, prejudgment interest, or injunctive relief. Defendant hereby reserves the right to contest the legal sufficiency of the claims raised in this Action, and the right to raise any other defense.

## II.     THE FILING OF THIS NOTICE OF REMOVAL IS TIMELY

On November 30, 2018, Plaintiff Maria Rodas filed a Complaint on behalf of a putative class alleging wage and hour violations in the Superior Court of the State of California in the County of Los Angeles as *Maria Rodas v. Flying Food Group, LLC,*

1   Case No. 18STCV06795.  (Declaration of John A. Conkle In Support of Defendant
2   Flying Food Group, LLC's Notice of Removal ("Conkle Decl.") at ¶ 2.)  Defendant was
3   served with the Summons and Complaint on December 20, 2018.  (*Id.* at ¶ 2.)
4
5        Under 28 U.S.C. § 1446(b)(1), Defendant must remove the Action within thirty
6   days of service, or on or before January 21, 2019.  The filing of this Notice of Removal
7   is therefore timely.  Under 28 U.S.C. § 1446(a), Defendant need only provide a "short
8   and plain statement of the grounds for removal, together with a copy of all process,
9   pleadings, and orders served upon such defendant or defendants in such action."  In
10  compliance with 28 U.S.C. § 1446(a), Defendant attaches a copy of all process,
11  pleadings, and orders served upon it as **Exhibit A**, and sets forth the grounds for
12  removal below.  (*Id.*)  While Defendant was not served with additional documents that
13  have been filed in the Superior Court of the State of California in the County of Los
14  Angeles, Defendant attaches copies of these documents as **Exhibit B** and **Exhibit C**.
15  (*Id.* at ¶¶ 3-4.)
16
17       Following the filing of this Notice of Removal, Defendant will also promptly
18  serve a copy of this Notice of Removal to Plaintiff's counsel and file a copy of the
19  Notice with the Clerk of the Superior Court of the State of California for the County of
20  Los Angeles.  28 U.S.C. § 1446(d).  (*Id.* at ¶ 5.)
21
22  **III.   CLASS ACTION ALLEGATIONS**
23       Plaintiff brings this action on behalf of herself and a putative class of similarly
24  situated employees, and breaks down the putative class into six subclasses as follows:
25
26       **Rounding Class**: All persons who, at any time since January 1, 2017,
27       worked for Defendant as an hourly employee in the state of California.
28

**Overtime Class**: All persons who, at any time since January 1, 2017, worked for Defendant as an hourly employee in the state of California, whose terms and conditions of employment were not governed by a collective bargaining agreement, and who worked overtime hours.

**Shift Pay Class**: All persons who, at any time since January 1, 2017, worked for Defendant as an hourly employee in the state of California, whose terms and conditions of employment were not governed by a collective bargaining agreement, and who received shift pay for any pay period during which they worked overtime hours.

**Wage Statement Class**: All persons who, at any time since the date one year before the filing of the complaint, worked for Defendant as an hourly employee in the state of California.

**Shift Pay Wage Statement Class**: All persons who, at any time since the date one year before the filing of the complaint, worked for Defendant as an hourly employee in the state of California and received shift pay.

**Terminated Employees Class**: All persons who worked for Defendant as an hourly employee in the state of California whose employment with Defendant ended at any time since January 1, 2017.

(Ex. A, Complaint at ¶ 12.)   The Complaint alleges that Defendant engaged in a rounding policy that resulted in underpayment of wages to the putative class, that Defendant pays members of the putative class "shift pay" for working night shifts but does not take into account that shift pay when calculating overtime compensation, that paychecks are not timely issued following the close of the pay periods, and that putative class members terminated from employment do not receive all wages owed at termination.  (Ex. A, Complaint at ¶¶ 1, 6, 7.)  The Complaint brings six causes of action for: 1) failure to pay minimum wages (to the Rounding Class); 2) failure to pay overtime wages (to the Overtime Class); 3) failure to pay overtime wages (to the Shift Pay Class); 4) failure to provide accurate wage statements (to the Wage Statement Class); 5) (failure to provide complete wage statements (to the Shift Pay Wage Statement  Class); and 6) failure to pay all wages owed upon termination (to the Terminated Employees Class).  (Ex. A, Complaint at ¶¶ 15-56.)

Plaintiff seeks relief in the form of orders certifying this case as a class action, appointing Plaintiff as representative and appointing Plaintiff's counsel as counsel for the class, awards of unpaid wages, liquidated damages, and unpaid overtime wages, civil penalties, statutory penalties, prejudgment interest, and reasonable attorneys' fees and costs. (Ex. A, Complaint, Prayer for Relief.)

## IV. THIS CLASS ACTION SATISFIES THE JURISDICTIONAL PREREQUISITES FOR REMOVAL UNDER CAFA

Defendant may remove this Action under 28 U.S.C. § 1446(a) by providing a "short and plain statement of the grounds for removal…." Defendant's removal allegations should be construed liberally. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Under CAFA, a district court has original jurisdiction over a civil action "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which…any member of a class of plaintiffs is a citizen of a State different from any defendant[,]" and is a class action with at least 100 putative class members. 28 U.S.C. §§ 1332(d)(2), (5)(B). This Action meets each of these prerequisites.

### A. THERE ARE OVER 100 MEMBERS IN THE PUTATIVE CLASS

A class action may be removed under CAFA if "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that:

> there are not less than 50 members in the Rounding Class, not less than 50 members in the Overtime Class, not less than 50 members in the Shift Pay Class, not less than 50 members in the Wage Statement Class, not less than 50 members in the Shift Pay Wage Statement Class, not less than 50 members in the Terminated Employees Class, and not less than 50 members in the Class.

1   (Ex. A, Complaint at ¶ 13(a).)  The Rounding Class alone, defined as "persons who, at

2   any time since January 1, 2017, worked for Defendant as an hourly employee in the

3   state of California[,]" consists of more than 100 putative class members.  (Ex. A,

4   Complaint at ¶ 12.)  For example, Defendant employs workers at multiple facilities in

5   California, one of which is a facility located at 3305 Bandini Blvd. in Vernon,

6   California (the "LAV Facility.")  (Declaration of Laura Bland in Support of Defendant

7   Flying Food Group, LLC's Notice of Removal ("Bland Decl.") at ¶ 7.)  As of January

8   17, 2019, Defendant employs 415 hourly nonexempt employees at the LAV Facility.

9   (*Id.*)

10

11   Because the putative class consists of more than 100 members, this Action meets

12   the jurisdictional prerequisite under 28 U.S.C. § 1332(d)(5)(B).

13

14   **B.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

15   When a class action is removed under CAFA, the district court can exercise

16   original jurisdiction over the action when "the matter in controversy exceeds the sum or

17   value of $5,000,000, exclusive of interest and costs[.]"  28 U.S.C. § 1332(d)(2).

18

19   Although Defendant disputes any liability as to Plaintiff's claims, and disputes

20   that Plaintiff and/or the putative class suffered any injury or incurred damages, the

21   amount in controversy raised by the claims asserted in the class action Complaint, in

22   the aggregate, exceed $5,000,000, exclusive of interest and costs.  *See Lewis v. Verizon*

23   *Commc'ns, Inc.,* 627 F. 3d 395, 400 (9th Cir. 2010) ("The amount in controversy is

24   simply an estimate of the total amount in dispute, not a prospective assessment of

25   defendant's liability.")

26

27   To meet this jurisdictional requirement, under 28 U.S.C. § 1446(a), "a

28   defendant's notice of removal need include only a plausible allegation that the amount

1  in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating*
2  *Co., LLC*, 135 S. Ct. at 554 ("By borrowing Rule 8(a)'s 'short and plain statement'
3  standard, corroborative history indicates, Congress intended to clarify that courts
4  should 'apply the same liberal rules [to removal allegations as] to other matters of
5  pleading. … The amount-in-controversy allegation of a plaintiff invoking federal-court
6  jurisdiction is accepted if made in good faith.'" (citation omitted)).

7

8       "In measuring the amount in controversy, a court must assume that the
9  allegations of the complaint are true and that a jury will return a verdict for the plaintiff
10  on all claims made in the complaint. … The ultimate inquiry is what amount is put 'in
11  controversy' by the plaintiff's complaint, not what a defendant will actually owe."
12  *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing
13  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001
14  (C.D. Cal. 2002), *Rippee v. Boston Market Corp*., 408 F. Supp. 2d 982, 986 (S.D. Cal.
15  2005), and *Scherer v. Equitable Life Assurance Society of the United States*, 347 F. 3d
16  394, 399 (2d Cir. 2003)).  *See also Campbell v. Vitran Exp., Inc*., 471 F. App'x 646,
17  648 (9th Cir. 2012) (unpublished) (quoting *Kenneth Rothschild Trust v. Morgan Stanley
18  Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.2002)); *Henry v. Cent. Freight
19  Lines, Inc*., 692 F. App'x 806, 807 (9th Cir. 2017) (unpublished).

20

21       To meet the amount in controversy threshold when a complaint fails to specify
22  the amount of damages sought, a defendant need only show that "it is more likely than
23  not that the amount in controversy satisfies the federal diversity jurisdictional amount
24  requirement." *Abrego Abrego v. The Dow Chem. Co*., 443 F. 3d 676, 683 (9th Cir.
25  2006) (quoting *Sanchez v. Monumental Life Ins. Co*., 102 F. 3d 398, 404 (9th Cir.
26  1996)) (quotations omitted).  Here, Plaintiff seeks relief in the form of damages,
27  attorney's fees, injunctive relief, and more, but do not set forth a numerical sum of
28  money sought.

1    In the Complaint, Plaintiff brings six causes of action.  Plaintiff contends that the

2    putative class is entitled to waiting time penalties under California Labor Code § 203.

3    Defendant provides payroll services to five facilities in California.  (Bland Decl. at ¶ 4.)

4    While Defendant denies the factual allegations pertaining to Plaintiff's waiting time

5    penalties claim, for purposes of this Notice of Removal, Defendant estimates that the

6    average hourly rate for the putative class was approximately $15.21 in 2017, and

7    $15.73 in 2018, and that the maximum statutory penalty of 30 days applies.  (*Id.* at ¶¶

8    5-6.)   In 2017, approximately 673 employees separated from employment at these

9    California facilities.  (*Id.* at ¶ 5.)   In 2018, approximately 853 employees separated

10   from employment at these California facilities.  (*Id.* at ¶ 6.)   Assuming Plaintiff's

11   allegations are true for purposes of removal, Defendant estimates the amount in

12   controversy for this single claim is approximately $5,676,965 (In 2017: $15.21/hr * 8

13   hours * 30 days * 673 employees = $2,456,719; In 2018: $15.73/hr * 8 hours * 30 days

14   * 853 employees = $3,220,246).

15

16   Plaintiff also seeks penalties and damages for five additional causes of action,

17   including but not limited to relief for inaccurate wage statements, unpaid wages, and

18   unpaid overtime compensation.   In addition, Plaintiff seeks to recover statutory

19   attorneys' fees, which also must be included in calculating the amount in controversy.

20   In the Ninth Circuit, "a court must include future attorneys' fees recoverable by statute

21   or contract when assessing whether the amount-in-controversy requirement is met."

22   *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F. 3d 785, 794 (9th Cir.

23   2018).   "Because the law entitles [plaintiff] to an award of attorneys' fees if he is

24   successful, such future attorneys' fees are at stake in the litigation, and must be

25   included in the amount in controversy."  *Id.   See Paul, Johnson, Alston & Hunt v.

26   Graulty*, 886 F. 2d 268, 273 (9th Cir. 1989) (25% of the gross fund is a proper

27   benchmark for awarding attorney's fees in class actions).

28

Because the amount in controversy for just one of the six claims raised by Plaintiff exceeds $5,000,000, and any estimate of damages for Plaintiff's other five claims and attorney's fees will further increase the estimated amount in controversy, the amount in controversy in this Action meets the jurisdictional threshold under CAFA.

## C.    THERE IS MINIMAL DIVERSITY

When a class action is removed under CAFA, the district court can exercise original jurisdiction over the action when "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(5)(B).

Plaintiff Maria Rodas was an employee who worked at Defendant's LAV Facility, and "is a resident of Los Angeles County in California." (Ex. A, Complaint at ¶ 6.)

Defendant is a limited liability company organized in Delaware with its principal place of business in Illinois. (Ex. A, Complaint at ¶ 7; Bland Decl. at ¶ 3.) Flying Food Fare, Inc., an Illinois corporation with its principal place of business in Illinois, is the sole member of Defendant Flying Food Group, LLC. (Bland Decl. at ¶ 2.) For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F. 3d 894, 899 (9th Cir. 2006). The sole member of Flying Food Group, LLC is a citizen of Illinois.

Because Plaintiff is a citizen of California, and Defendant's sole LLC member is a citizen of Illinois, minimal diversity exists under CAFA.

1   **V.    CONCLUSION**

2       This Action involves an amount in controversy exceeding $5,000,000, involves a

3 putative class consisting of more than 100 members, and is between citizens of different

4 states.  Because Defendant timely filed this Notice of Removal and this putative class

5 action meets the jurisdictional prerequisites under CAFA, removal is proper.

6

7 Dated:  January 18, 2019           John A. Conkle

8                              Amanda R. Washton

9                              Desiree J. Ho, members of

                             CONKLE, KREMER & ENGEL

10                              Professional Law Corporation

11

12

13                 By:   */s/ John A. Conkle*

14                     John A. Conkle

                    Attorneys for Defendant Flying Food Group,

15                     LLC

16

17

18

19

20

21

22

23

24

25

26

27

28