Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
16021 Aiglon St.
Pacific Palisades, CA 90272
Tel (310) 454-2178
Fax (310) 943-2582
greg@karasiklawfirm.com

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

Kane Moon (SBN 249834)
kane.moon@moonyanglaw.com
**Moon Law Group PC**
1055 West Seventh Street, Suite 1880
Los Angeles, California 90017
Tel (213) 232-3128
Fax (213) 232-3125

Attorneys for Plaintiff
MARIA RODAS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODAS, individually and on behalf of other persons similarly situated, | Case No. 2:19-cv-436-AB-GJSx |
| | CLASS ACTION |
| Plaintiff, | **PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMEN** |
| vs. | |
| FLYING FOOD GROUP, LLC; and DOES 1 through 10. | Date: March 8, 2024 |
| | Time: 10:00 a.m. |
| Defendants. | Ctrm: 7B (1st Street) via Zoom |

Please take notice that, on March 8, 2024, at 10:00 a.m. or as soon thereafter as counsel may be heard, in Courtroom 7B of the United States Courthouse for the United States District Court, Central District of California, located at 350 West First Street, Los Angeles, California, Maria Rodas, the plaintiff in this action, and Carina Alfaro, the

plaintiff in Case No. 2:21-cv-08920-AB-GJSx (the "Alfaro Action") will and hereby do move for an order granting preliminary approval of the class action settlement (the "Settlement") reached with defendant Flying Food Group, LLC ("Defendant"). Specifically, Plaintiffs move for an order:

1) preliminarily finding, for the purposes of giving members of the Settlement Class notice of the Settlement and the opportunity to request exclusion from the Settlement or object to the Settlement, that:

a) the Settlement Class, comprised of all persons who, at any time between January 1, 2017 and November 9, 2023, worked for Flying Food Group, LLC as an hourly employee in the State of California, meets all the requirements for class certification under Rule 23(a) and 23(b)(3) of the Rules of Civil Procedure; and

b) the Settlement is fair, reasonable and adequate under Rule 23(e)(2) of the Federal Rules of Civil Procedure;

2) appointing Plaintiffs as representative for the Settlement Class;

3) appointing Gregory N. Karasik of Karasik Law Firm, Sahag Majarian, II of the Law Office of Sahag Majarian, II and Kane Moon of Moon Law Group PC as counsel for the Settlement Class;

4) appointing Atticus Administration as the Settlement Administrator;

5) directing the Settlement Administrator to provide notice to members of the Settlement Class as set forth in the Settlement;

6) establishing the deadline for members of the Settlement Class to opt out of the settlement or to object to the Settlement;

7) establishing the deadline for Plaintiffs to file a motion for an award of attorney's fees, costs and a service payment.

8) scheduling a final approval and fairness hearing on a date approximately 120 days after preliminary approval of the Settlement to consider whether the Settlement should be finally approved as fair, reasonable and adequate under Rule 23(e)

of the Federal Rules of Civil Procedure for the purposes of judgment and to rule on Plaintiffs' motion for attorney's fees, costs and a service payment and

9)      granting Plaintiffs leave to file a First Amended Complaint, in the form attached hereto as Exhibit 1; and

10)     providing that Defendant need not file an Answer to the First Amended Complaint; during the pendency of settlement approval proceedings, the Alfaro Action shall be stayed; and in the event the Court does not grant final approval of the Settlement, the First Amended Complaint shall be deemed withdrawn and the stay of the Alfaro Action shall be lifted.

Plaintiffs' motion is made under Rule 23(e)(1) of the Federal Rules of Civil Procedure on the grounds that both class certification and approval of the Settlement for the purposes of judgment are likely to be granted at the final fairness hearing.

Plaintiffs' motion is based on this Notice; the Memorandum of Points and Authorities, the Stipulation re Class Action Settlement and Release of Claims, Declaration of Gregory N. Karasik, Declaration of Sahag Majarian II, Declaration of Kane Moon, and the Declaration of Christopher Longley submitted herewith; all other pleadings and papers on file in this action; and any oral argument or other matter that may be considered by the Court.

This motion is made following numerous discussions with counsel for Defendant in connection with negotiating and finalizing the Settlement.  Defendant does not intend to oppose Plaintiff's motion.

Dated: February 6, 2024          KARASIK LAW FIRM
                                 LAW OFFICE OF SAHAG MAJARIAN, II
                                 MOON LAW GROUP PC

                         By    s/ *Gregory N, Karasik*
                                 Gregory N. Karasik
                                 Attorneys for Plaintiffs

**EXHIBIT 1**

Gregory N. Karasik (SBN 115834)
**Karasik Law Firm**
16021 Aiglon St.
Pacific Palisades, CA 90272
Tel (310) 454-2178
Fax (310) 943-2582
greg@karasiklawfirm.com

Sahag Majarian II (SBN 146621)
sahagii@aol.com
**Law Office of Sahag Majarian II**
18250 Ventura Blvd.
Tarzana, California 91356
Tel (818) 609-0807
Fax (818) 609-0892

Kane Moon (SBN 249834)
kane.moon@moonyanglaw.com
**Moon Law Group PC**
1055 West Seventh Street, Suite 1880
Los Angeles, California 90017
Tel (213) 232-3128
Fax (213) 232-3125

Attorneys for Plaintiffs
MARIA RODAS and
CARINA ALFARO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODAS and CARINA ALFARO, individually and on behalf of other persons similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>FLYING FOOD GROUP, LLC; and DOES 1 through 10.<br><br>    Defendants. | Case No. 2:19-cv-436-AB-GJSx<br><br>CLASS ACTION<br><br>**FIRST AMENDED COMPLAINT**<br><br>1. Failure to Pay Minimum Wages<br>2. Failure to Pay Overtime Wages (Rounding Class)<br>3. Failure to Pay Overtime Wages (Shift Pay Class)<br>4. Failure to Provide Accurate Wage Statements<br>5. Failure to Provide Complete Wage Statements<br>6. Failure to Pay All Wages Owed Upon Termination<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiffs Maria Rodas and Carina Alfaro ("Plaintiffs"), on behalf of themselves and all others similarly situated, complain and allege as follows:

## INTRODUCTION

1. This class action lawsuit arises out of the failure of defendant Flying Food Group, LLC ("Defendant") to comply with various wage and hour laws:

a) Defendant engages in uneven rounding practices which results in the failure of Defendant to pay hourly employees all the minimum and overtime wages owed to them.

b) Defendant did not factor shift pay into the calculation of overtime wage rates which resulted in the failure of Defendant to pay hourly employees who receive shift pay all the overtime wages owed to them.

c) As a result of failing to pay hourly employees all the wages owed to them, Defendant fails to provide hourly employees with accurate wage statements and Defendant fails to pay terminated hourly employees all the wages owed to them upon termination.

d) Defendant failed to provide hourly employees who receive shift pay with complete wage statements because wage statements do not indicate an hourly rate of pay or a number of hours worked with respect to shift pay.

## JURISDICTION

2. According to Defendant, who removed this case from state court, the Court has diversity jurisdiction over Plaintiffs' claims under the Class Action Fairness Act, 28 U.S.C. § 1332. Plaintiffs do not contest the Court's jurisdiction.

## VENUE

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant does business and therefore resides in this district and/or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## THE PARTIES

### A. Plaintiffs

4. Plaintiff Rodas worked for Defendant as an hourly employee in Los Angeles County for many years until Defendant terminated her employment on September 7, 2018. Plaintiff Alfaro worked for Defendant as an hourly employee in Los Angeles County from approximately 2013 to August 2021. During Plaintiffs' employment, Defendant engaged in a practice of rounding electronic time clock entries to the nearest tenth of an hour increment which, over the course of their employment, resulted in Plaintiff not being paid wages for all the regular hours or overtime hours they worked because rounding in favor of Defendant occurred more often than rounding in favor of Plaintiffs occurred. Plaintiff Rodas was also not paid all the overtime wages she was owed because, when Plaintiff Rodas worked a night shift, she received shift pay in addition to her hourly wages, but Defendant did not take into account the shift pay earned by Plaintiff for the purpose of calculating the overtime rate of pay applicable to Plaintiff for pay periods when she received shift pay and worked overtime hours. As a result of the above, Plaintiffs were not provided accurate wage statements and were not paid all the wages owed to them upon termination. Plaintiff Rodas was also not provided with complete wage statements when she was paid shift pay because wage statements did not indicate a rate of pay or a number of hours worked with respect to shift pay. For example, attached hereto as Exhibit 1 is an earnings statement with a pay date of 3/17/2017 for the pay period beginning 2/24/2017 and ending 03/09/2017. Exhibit 1 reflects that Plaintiff Rodas received Shift Pay of $2.25 for that pay period without providing any information about hours worked or a rate of pay for shift pay.

4. Plaintiffs are members of and seek to be the class representative for the Rounding Class, Overtime Class, Shift Pay Class, Wage Statement Class, Shift Pay Wage Statement Class and/or Terminated Employees Class (collective the "Class") defined in paragraph 10 below. The members of the Class are identifiable, similarly situated persons who worked as hourly employees for Defendant,

3

B. **Defendants**

5.     Defendant is a limited liability company organized under the laws of the State of Delaware.  Defendant maintains its principal place of business in the city of Chicago, Illinois.  Defendant is engaged in the business of airline catering and wholesale food preparation and operates facilities at various locations in California.  At all times relevant to this action, Defendant was the employer of Plaintiffs and other members of the Class.

6.     Plaintiffs are ignorant of the true name, capacity, relationship and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 10, but are informed and believe and thereon alleges that said defendants are legally responsible for the wrongful conduct alleged herein and therefore sues these defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

7.     Plaintiffs are informed and believe and thereon allege that each defendant acted in all respects pertinent to this action as the agent of the other defendants and/or carried out a joint scheme, business plan or policy in all respects pertinent hereto, and/or the acts of each defendant are legally attributable to the other defendants.

**CLASS ACTION ALLEGATIONS**

10.     Plaintiffs assert claims on behalf of themselves and all other similarly situated persons (collectively the "Class") as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The members of the Class belong to the Rounding Class, Overtime Class, Shift Pay Class, Wage Statement Class, Shift Pay Wage Statement Class and/or Terminated Employees Class, defined as follows:

> **Rounding Class**:  All persons who, at any time between January 1, 2017 and November 9, 2023 worked for Defendant as an hourly employee at the LAX, LAP, SFO, SFW, LAV and/or LAI facility in the state of California.

**Overtime Class**: All persons who, at any time between January 1, 2017 and November 9, 2023 worked for Defendant as an hourly employee at the LAV facility in the state of California and who worked overtime hours.

**Shift Pay Class**: All persons who, at any time between January 1, 2017 and March 8, 2019 worked for Defendant as an hourly employee in the state of California who received shift pay for any pay period during which they worked overtime hours.

**Wage Statement Class**: All persons who, at any time between November 30, 2017 and November 9, 2023 worked for Defendant as an hourly employee at the LAX, LAP, SFO, SFW, LAV and/or LAI facility in the state of California.

**Shift Pay Wage Statement Class**: All persons who worked for Defendant as an hourly employee in the state of California who received shift pay at any time when they worked at: 1) the LAV facility between November 30, 2017 and March 8, 2019; 2) the LAX or LAP facility between November 30, 2017 and March 3, 2019; or 3) the SFO facility at any time between November 30, 2017 and May 17, 2019.

**Terminated Employees Class**: All persons who worked for Defendant as an hourly employee in the state of California whose employment with Defendant ended at any time between January 1, 2017 and November 9, 2023.

10. Plaintiffs' claims are brought and may be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure.

a. <u>Numerosity</u>. The Class members are so numerous that individual joinder of all of them as plaintiffs is impractical. While the exact number of Class members is unknown, Plaintiffs are informed and believe and thereon allege that there are not less than 4,000 Class members.

b. <u>Commonality</u>. There are questions of law or fact common to class members. These common questions include, but are not limited to:

    (1) Did Defendant engage in uneven rounding practices?

FIRST AMENDED COMPLAINT

1          (2)    Did Defendant fail to calculate properly the overtime rate of pay for
2                 employees?
3          (3)    Did Defendant fail to provide accurate wage statements?
4          (4)    Did Defendant fail to provide complete wage statements to hourly
5                 employees?
6      c.    Typicality.  Plaintiffs are members of the Class, and their claims are typical
7      of the claims of the other Class members Plaintiffs seeks to represent.  Plaintiffs
8      suffered the same kinds of injuries suffered by other Class members and seek the
9      same kind of relief sought by other Class members.
10     d.    Adequate Representation.  Plaintiffs will adequately and fairly protect the
11     interests of the members of the Class.  Plaintiffs have no interests adverse to the
12     interests of absent Class members.  Plaintiffs are represented by legal counsel
13     who have substantial class action experience in civil litigation and employment
14     law.
15     11.    This case is brought and may be maintained as a class action under Rule
16     23(b)(3) of the Federal Rules of Civil Procedure.  Questions of law or fact common to
17     class members predominate over any questions affecting only individual members, and
18     a class action is superior to other available methods for the fair and efficient
19     adjudication of the controversy.  Class action treatment will allow a large number of
20     similarly situated employees to prosecute their common claims in a single forum,
21     simultaneously, efficiently, and without the unnecessary duplication of effort and
22     expense that numerous individual actions would require.  Further, the monetary amounts
23     due to many individual class members are likely to be relatively small, and the burden
24     and expense of individual litigation would make it difficult or impossible for individual
25     class members to seek and obtain relief.  A class action will serve an important public
26     interest by permitting employees harmed by Defendants' unlawful practices to
27     effectively pursue recovery of the sums owed to them.
28

# FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (By Plaintiffs and the Rounding Class against Defendant)

12.     Plaintiffs incorporate paragraphs 1 through 11 of this complaint as if fully alleged herein.

13.     At all relevant times, Plaintiffs and the other members of the Rounding Class were employees of Defendant covered by Labor Code Section 1197.

14.     Pursuant to Labor Code Section 1197, Plaintiffs and the other members of the Rounding Class were entitled to minimum wages for every hour they worked.

15.     Defendant failed to pay Plaintiffs and other members of the Rounding Class all the minimum wages owed to them for every hour they worked in accordance with Labor Code Section 1197. Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, Defendant maintained uneven rounding practices that resulted in the aggregate in Defendant paying members of the Rounding Class for fewer hours than they actually worked.

16.     As a result of Defendant's unlawful conduct, Plaintiffs and other members of the Rounding Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the minimum wages owed to them.

17.     Pursuant to Labor Code Section 1194, Plaintiffs and other members of the Rounding Class are entitled to recover the full amount of their unpaid minimum wages, interest thereon, reasonable attorney's fees and costs of suit. Pursuant to Labor Code Section 1194.2, Plaintiffs and other members of the Rounding Class are also entitled to recover liquidated damages in an amount equal to the amount of unpaid minimum wages and interest thereon.

## SECOND CLAIM FOR RELIEF

### FAILURE TO PAY OVERTIME WAGES

### (By Plaintiffs and the Overtime Class against Defendants)

1     18.    Plaintiffs incorporate paragraphs 1 through 17 of this complaint as if fully

2  alleged herein.

3     19.    At all relevant times, Plaintiffs and the other members of the Overtime

4  Class were employees of Defendant covered by Labor Code Section 510.

5     20.    Pursuant to Labor Code Section 510, Plaintiffs and the other members of

6  the Overtime Class were entitled to overtime wages at the rate of 1 and ½ times their

7  regular rate of pay for every hour they worked in excess of 8 hours on a workday or in

8  excess of 40 hours in a workweek.

9     21.    Defendant failed to pay Plaintiffs and other members of the Overtime Class

10  all the overtime wages owed to them for every hour of overtime they worked in

11  accordance with Labor Code Section 510.  Plaintiffs are informed and believe and

12  thereon allege that, during the limitations period applicable to this cause of action,

13  Defendant maintained uneven rounding practices that resulted in the aggregate in

14  Defendant paying members of the Overtime Class overtime wages for fewer hours of

15  overtime than they actually worked.

16     22.    As a result of Defendant's unlawful conduct, Plaintiffs and other members

17  of the Overtime Class have suffered damages in an amount, subject to proof, to the

18  extent they were not paid all the overtime wages owed to them.

19     23.    Pursuant to Labor Code Section 1194, Plaintiffs and other members of the

20  Overtime Class are entitled to recover the full amount of their unpaid overtime wages,

21  interest thereon, reasonable attorney's fees and costs of suit.

22              **THIRD CLAIM FOR RELIEF**

23             **FAILURE TO PAY OVERTIME WAGES**

24      **(By Plaintiff Rodas and the Shift Pay Class against Defendants)**

25     24.    Plaintiff Rodas incorporates paragraphs 1 through 17 of this complaint as if

26  fully alleged herein.

27     25.    At all relevant times, Plaintiff Rodas and the other members of the Shift

28  Pay Class were employees of Defendant covered by Labor Code Section 510.

26.     Pursuant to Labor Code Section 510, Plaintiff Rodas and the other members of the Shift Pay Class were entitled to overtime wages at the rate of 1 and 1/2 times their regular rate of pay for every hour they worked in excess of 8 hours on a workday or in excess of 40 hours in a workweek.

27.     Defendant failed to pay Plaintiff Rodas and other members of the Shift Pay Class all the overtime wages owed to them for every hour of overtime they worked in accordance with Labor Code Section 510.  Plaintiff Rodas is informed and believes and thereon alleges that, during the limitations period applicable to this cause of action, Defendant maintained a practice of failing to take shift pay into account when calculating the overtime rate applicable to members of the Shift Pay Class.

28.     As a result of Defendant's unlawful conduct, Plaintiff and other members of the Shift Pay Class have suffered damages in an amount, subject to proof, to the extent they were not paid all the overtime wages owed to them.

29.     Pursuant to Labor Code Section 1194, Plaintiff and other members of the Shift Pay Class are entitled to recover the full amount of their unpaid overtime wages, interest thereon, reasonable attorney's fees and costs of suit.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (By Plaintiffs and the Wage Statement Class against Defendants)

30.     Plaintiffs incorporates paragraphs 1 through 29 of this complaint as if fully alleged herein.

31.     At all relevant times, Plaintiffs and the other members of the Wage Statement Class were employees of Defendant covered by Labor Code Section 226.

32.     Pursuant to Labor Code Section 226(a), Plaintiffs and the other members of the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an accurate itemized wage statement showing, *inter alia,* the total amount of gross wages earned, the total amount of net wages earned, the total number of

1 hours worked, and all hourly rates and the corresponding number of hours worked at
2 each hourly rate.

3       33.    Defendant failed to provide Plaintiffs and other members of the Wage
4 Statement Class accurate itemized statements in accordance with Labor Code Section
5 226(a). Plaintiffs are informed and believe and thereon allege that, during the limitations
6 period applicable to this cause of action, members of the Wage Statement Class did not
7 receive accurate wage statements because:

8       a)    Defendant maintained uneven rounding practices that resulted in the
9 aggregate in Defendant paying members of the Rounding for fewer hours than they
10 actually worked; and

11       b)    Defendant maintained a practice of failing to take shift pay into account
12 when calculating the overtime rate applicable to members of the Shift Pay Class.

13       34.    Defendant's failure to provide Plaintiffs and other members of the Wage
14 Statement Class with accurate wage statements was knowing and intentional.
15 Defendants had the ability to provide Plaintiffs and other members of the Wage
16 Statement Class with accurate wage statements but intentionally provided wage
17 statements that Defendants knew did not comply with all the requirements of Labor
18 Code Section 226. Defendant intended and knew that, during the limitations period
19 applicable to this cause of action, members of the Wage Statement Class did not receive
20 accurate wage statements because:

21       a)    Defendant maintained uneven rounding practices that resulted in the
22 aggregate in Defendant paying members of the Rounding Class for fewer hours than
23 they actually worked; and

24       b)    Defendant maintained a practice of failing to take shift pay into .account
25 when calculating the overtime rate applicable to members of the Shift Pay Class.

26       35.    As a result of Defendant's conduct, Plaintiffs and other members of the
27 Wage Statement Class have suffered injury. From the wage statements provided to them
28 alone, Plaintiffs and other members of the Wage Statement Class could not promptly

1  and easily determine the total number of hours actually worked during the pay period,
2  and/or all the hourly rates and the corresponding number of hours worked at each hourly
3  rate during the pay period.

4      36.    Pursuant to Labor Code Section 226(e), Plaintiffs and other members of the
5  Wage Statement Class are entitled to recover fifty dollars for the initial pay period in
6  which a violation of Labor Code Section 226 occurred and one hundred dollars for each
7  violation of Labor Code Section 226 in every subsequent pay period, not to an exceed
8  an aggregate civil penalty of four thousand dollars per employee.

9      37.    Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiffs and
10  other members of the Wage Statement Class are entitled to recover the full amount of
11  civil penalties due under Labor Code Section 226(e), reasonable attorney's fees and
12  costs of suit.

13  **FIFTH CLAIM FOR RELIEF**
14  **FAILURE TO PROVIDE COMPLETE WAGE STATEMENTS**
15  **(By Plaintiff Rodas and the Shift Pay Wage Statement Class against Defendant)**

16      38.    Plaintiff Rodas incorporates paragraphs 1 through 11 of this complaint as if
17  fully alleged herein.

18      39.    At all relevant times, Plaintiff Rodas and the other members of the Shift
19  Pay Wage were employees of Defendant covered by Labor Code Section 226.

20      40.    Pursuant to Labor Code Section 226(a), Plaintiff Rodas and the other
21  members of the Shift Pay Wage Statement Class were entitled to receive, semimonthly
22  or at the time of each payment of wages, an accurate itemized wage statement showing,
23  *inter alia,* all hourly rates and the corresponding number of hours worked at each hourly
24  rate.

25      41.    Defendant failed to provide Plaintiff Rodas and other members of the Shift
26  Pay Wage Statement Class accurate itemized statements in accordance with Labor Code
27  Section 226(a). Plaintiff Rodas is informed and believes and thereon alleges that, during
28  the limitations period applicable to this cause of action, members of the Shift Pay Wage

1  Statement Class did not receive complete wage statements because their earning
2  statements failed to indicate a rate of pay or number of hours worked with respect to
3  shift pay.

4      42.    Defendant's failure to provide Plaintiff Rodas and other members of the
5  Shift Pay Statement Class with complete wage statements was knowing and intentional.
6  Defendant had the ability to provide Plaintiff Rodas and other members of the Shift Pay
7  Wage Statement Class with complete wage statements but intentionally provided wage
8  statements that Defendant knew did not comply with all the requirements of Labor Code
9  Section 226. Defendant intended and knew that, during the limitations period applicable
10 to this cause of action, members of the Shift Pay Wage Statement Class did not receive
11 complete wage statements because their earning statements failed to indicate a rate of
12 pay or number of hours worked with respect to shift pay.

13     43.    As a result of Defendant's conduct, Plaintiff Rodas and other members of
14 the Shift Pay Wage Statement Class have suffered injury. From the wage statements
15 provided to them alone, Plaintiff Rodas and other members of the Shift Pay Wage
16 Statement Class could not promptly and easily determine all the hourly rates and the
17 corresponding number of hours worked at each hourly rate during the pay period.

18     44.    Pursuant to Labor Code Section 226(e), Plaintiff Rodas and other members
19 of the Shift Pay Wage Statement Class are entitled to recover fifty dollars for the initial
20 pay period in which a violation of Labor Code Section 226 occurred and one hundred
21 dollars for each violation of Labor Code Section 226 in every subsequent pay period,
22 not to an exceed an aggregate civil penalty of four thousand dollars per employee.

23     45.    Pursuant to Labor Code Sections 218, 226(e) and 226(g), Plaintiff Rodas
24 and other members of the Shift Pay Wage Statement Class are entitled to recover the full
25 amount of civil penalties due under Labor Code Section 226(e), reasonable attorney's
26 fees and costs of suit.

27 / / /

28 / / /

# SIXTH CLAIM FOR RELIEF

## FAILURE TO PAY ALL WAGES OWED UPON TERMINATION

### (By Plaintiffs and the Terminated Employees Class against Defendant)

46.     Plaintiffs incorporate paragraphs 1 through 29 of this complaint as if fully alleged herein.

47.     At all relevant times, Plaintiffs and the other members of the Terminated Employees Class were employees of Defendant covered by Labor Code Sections 201 or 202.

48.     Pursuant to Labor Code Sections 201 or 202, Plaintiffs and the other members of the Terminated Employees Class were entitled upon termination to timely payment of all wages earned and unpaid prior to termination. Discharged employees were entitled to payment of all wages earned and unpaid prior to discharge immediately upon termination. Employees who resigned were entitled to payment of all wages earned and unpaid prior to resignation within 72 hours after giving notice of resignation or, if they gave 72 hours previous notice, they were entitled to payment of all wages earned and unpaid prior to resignation at the time of resignation.

49.     Defendant failed to pay Plaintiffs and other members of the Terminated Employees Class all wages earned and unpaid prior to termination in accordance with Labor Code Section 202.  Plaintiffs are informed and believe and thereon allege that, during the limitations period applicable to this cause of action, members of the Terminated Employees Class did not receive all wages owed to them upon termination because:

a)      Defendant maintained uneven rounding practices that resulted in the aggregate in Defendant paying members of the Rounding Class for fewer hours than they actually worked; and

b)      Defendant maintained a practice of failing to take shift pay into account when calculating the overtime rate applicable to members of the Shift Pay Class.

50.     Defendant's failure to pay Plaintiffs and other members of the Terminated Employees Class all wages earned prior to termination in accordance with Labor Code Sections 201 or 202 was willful. Defendant had the ability to pay all wages earned by members of the Terminated Employees Class prior to termination but intentionally adopted policies or practices incompatible with the requirements of Labor Code Sections 201 or 202. When Defendant failed to pay upon termination all wages earned by hourly employees prior to termination, Defendant knew what it was doing and intended to do what they did. Defendant intended and knew that, during the limitations period applicable to this cause of action, members of the Terminated Employees Class did not receive all the wages owed to them upon termination because:

a)     Defendant maintained uneven rounding practices that resulted in the aggregate in Defendant paying members of the Rounding Class for fewer hours than they actually worked; and

b)     Defendant maintained a practice of failing to take shift pay into account when calculating the overtime rate applicable to members of the Shift Pay Class.

50.     Pursuant to Labor Code Section 203, Plaintiffs and other members of the Terminated Employee Class are entitled to penalty wages, from the day their earned and unpaid wages were due upon termination until paid, up to a maximum of thirty days.

51.     As a result of Defendant's conduct, Plaintiffs and the other members of the Terminated Employees Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all wages earned prior to termination in violation of Labor Code Section 201 or 202.

52.     As a result of Defendant's conduct, Plaintiff and the other members of the Terminated Employees Class have suffered damages, in an amount subject to proof, to the extent they were not paid for all penalty wages owed to them under Labor Code Section 203.

53.     Pursuant to Labor Code Sections 218 and 218.5, Plaintiffs and other members of the Terminated Employees Class are entitled to recover the full amount of

their unpaid wages, unpaid penalty wages, reasonable attorney's fees and costs of suit. Plaintiff and other members of the Final Wages Class are also entitled to recover pre-judgment interest on all due wages and penalty wages under Labor Code Section 218.6 and/or Civil Code Section 3287(a).

## PRAYER FOR RELIEF

WHEREFORE, on behalf of themselves and all others similarly situated, Plaintiffs pray for judgment against Defendant as follows:

1. An order certifying this case as a class action.
2. An order appointing Plaintiffs as representative for the Class.
3. An order appointing Plaintiffs' counsel as counsel for the Class.
4. Damages for unpaid minimum wages under Labor Code Section 1194.
5. Liquidated damages under Labor Code Section 1194.2.
6. Damages for unpaid overtime wages under Labor Code Section 1194.
7. Civil penalties under Labor Code 226(e).
8. Statutory penalties under Labor Code Section 203.
9. Pre-judgment interest at the maximum legal rate.
10. Reasonable attorney's fees.
11. Costs of suit.
12. Such other relief as the Court may deem just and proper.

Dated: _____, 2024

KARASIK LAW FIRM

By  s/ *Gregory N. Karasik*
Gregory N. Karasik
Attorneys for Plaintiffs

**EXHIBIT 1**

Earnings Statement

FLYING FOOD GROUP LLC
3rd & 3rd, ARCHER AVE
CHICAGO, IL 60608

Period Beginning:
Period Ending:
Pay Date:

00000000098
MARIA RODAS
352 E 91ST ST
LOS ANGELES CA 90003

| Earnings | rate | hours | this period | | year to date | Other Benefits and Information | this period | Total to date |
|---|---|---|---|---|---|---|---|---|
| Regular | 10.5000 | 72.00 | 756.40 | | 4,993.20 | Yld Holiday Hrs | | 16.00 |
| Overtime | 16.500 | | 96.96 | | 247.01 | Yld Overtime Hrs | | 43.30 |
| Stat Pay | | | 6.05 | | 43.31 | Yld Regular Hrs | | 466.00 |
| Sick | 10.5000 | 9.00 | 67.00 | | 175.20 | Yld Sick Hours | | 16.00 |
| | | | | | 175.20 | | | |
| Gross Pay | | | $570.70 | | 5,703.92 | | | |

THIS IS NOT A CHECK

NON-NEGOTIABLE

FLYING FOOD GROUP LLC

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MARIA RODAS | | | |