UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA RODAS and CARINA ALFARO, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FLYING FOOD GROUP, LLC; and DOES 1 through 10.<br><br>Defendants. | Case No. 2:19-cv-436-AB-GJSx<br><br>[proposed] **ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS [Dkt. Nos. 69, 67]** |

Before the Court is plaintiffs Maria Rodas and Carina Alfaro ("Plaintiffs") Motion for Final Approval of Class Action Settlement (Dkt. No. 69) and Motion for an Award of Attorneys' Fees, Costs, and Enhancement Payments (Dkt. No. 67). Both Motions are unopposed. The Court held a hearing on June 12, 2024. Plaintiffs' Motions are **GRANTED** and the Court **ORDERS**:

1.    In its Order Granting Motion for Preliminary Approval (Dkt. No. 64), the Court found under Fed. R. Civ. P. 23(e)(1)(B) that it "will likely be able to (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Since then, notice has been given, and the response of Class members confirms that approval is justified. In particular, 4,278 notices (99.56% of the class) were delivered, and there were only 3 requests for exclusion, no objections to the

1

workweek calculations, and no objections to the Settlement. No objectors appeared at the hearing. The high rate of delivered notices, the low numbers of opt-outs, and the lack of objections reinforces that the Settlement is fair, reasonable, and adequate. No other new information material to approval has been presented. The Court therefore finally approves the Settlement and finds that the terms of the Settlement are fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), including the amount of the settlement fund ($1.2 million), the amount of distributions to class members, the procedure for giving notice to class members, the procedure for objecting to or opting out of the Settlement, and the maximum amounts allocated to incentive payments, costs, and attorneys' fees.

2. The success of the notice process and the responses thereto also confirms that the class should be certified. The Court therefore certifies for settlement purposes the Settlement Class described in the Settlement, comprised of all persons all persons who, at any time between January 1, 2017 and November 9, 2023, worked for Flying Food Group, LLC as an hourly employee in the State of California; and certifies for settlement purposes the Shift Pay Subclass described in the Settlement, comprised of all persons who worked for Defendant as an hourly employ who received shift pay at any time when they worked at: 1) the LAV facility between November 30, 2017 and March 8, 2019; 2) the LAX or LAP facility between November 30, 2017 and March 3, 2019; or 3) the SFO facility at any time between November 30, 2017 and May 17, 2019.

3. The Court finds that class members were provided proper and adequate notice of their rights in a manner that satisfies due process.

4. These three class members timely requested exclusion from the Settlement and are therefore excluded: Herber Lopez, Claudia Marroquin, and Marie Torres.

5. The Court orders that all the class members who did not timely request exclusion from the Settlement are barred from prosecuting against the Released Parties described in the Settlement all released claims as set forth in the Settlement.

6. The Court orders that payment from the settlement fund of settlement administration fees to Atticus Administration in the amount of $27,000 be made in accordance with the Settlement.

7. The Court orders that payment from the settlement fund of settlement benefits to class members be made in accordance with the Settlement.

8  The Court awards Plaintiffs the amount of $19,288.71 for costs.

9. The Court awards Plaintiffs the amount of $300,000 for attorney's fees.

10. The Court awards class representative enhancement payments of $5,000 to Plaintiff Rodas and $5,000 to Plaintiff Alfaro.

11. This order granting final approval of the Settlement constitutes a **FINAL JUDGMENT**. The Court therefor **DISMISSES this action WITH PREJUDICE**.

12. Notwithstanding entry of final judgment, the Court retains jurisdiction for the purposes of interpreting or enforcing the settlement or final judgment

**IT IS SO ORDERED.**

Dated: July 12, 2024

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE